UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JOSE LUIS BELLO PAULINO et al.,              :

          Plaintiffs,             :        <u>ORDER</u>

   -v.-                                           :
                                                          22 Civ. 8724 (GWG)
S & P MINI MARKET CORP. et al.,           :

          Defendants.            :
---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      The Court is concerned about a number of aspects of the proposed jury charge and verdict sheet (Docket # 79) as follows:

      1. The Proposed Jury Instruction No. 23 appears to talk about determining the hourly rate of pay – but the same concept appears to be reintroduced in the last paragraph of Instruction 26.

      2. In Section III Question 1, the jury is asked to determine whether the defendants have failed to pay the plaintiff the applicable minimum wage and overtime rate <u>before</u> being taken through the process of determining how many hours plaintiff worked and what he was paid.

      3. Regarding Section III Question 6, the Court does not understand why the jury is being asked to determine a "weekly" rate when, in the end, a regular rate of hourly pay must be calculated even where an employee is paid "weekly." More fundamentally, calculations the jury are expected to conduct in Question 6 and Question 1 are not sufficiently explained.

      4. Proposed Jury Instructions Nos. 21 & 22 do not explain how to determine whether the defendant failed to pay the plaintiff the minimum wage. Instructions for calculating the regular rate of pay, necessary to determine whether plaintiff was paid the minimum wage, appear only later, in Proposed Jury Instructions Nos. 23 & 24. This could be resolved by moving instructions for calculating the regular rate of pay to Proposed Jury Instructions Nos. 21 & 22 and providing a more thorough explanation for determining whether this regular rate of pay meets the required minimum wage.

      5. Proposed Jury Instruction No. 21 does not define the required minimum wage under the FLSA.

      6. While the proposed verdict sheet (Section III Questions 1(a) & 3(a)) asks the jury to determine whether S&P Mini Market acted in "good faith," the proposed jury instructions do not define "good faith"; they also do not instruct the jury as to how to determine whether S&P Mini Market acted in "good faith." Furthermore, it appears that under the FLSA, unlike the NYLL, (a)

this is an issue for the Court decide, see Brock v. Superior Care, Inc., 840 F.2d 1054, 1063 (2d Cir. 1988) and (2) the Court must decide also whether the defendant had "reasonable grounds" to believe the actions were legal. See 29 U.S.C. § 260. If in fact the plaintiff is seeking to have any issues decided by the Court following the jury verdict, the plaintiff should make a filing promptly describing exactly what these issues are.

       7. The proposed verdict sheet (Section III 1(a)) instructs the jury to "MOVE ON TO SECTION IV" if S&P Mini Market Corp. has proved by a preponderance of the evidence that it acted in good faith. However, the good faith defense is an affirmative defense only as to liquidated damages. Thus, there is no reason for jurors to skip the remaining section upon a determination of good faith.

       8. Neither the proposed verdict sheet nor the proposed jury instructions discuss how the FLSA statute of limitations should affect the jury's determinations.

       9. Proposed Jury Instruction No. 25 describes a claim for spread of hours. However, the proposed verdict sheet includes no question to the jury seeking their findings on this claim.

      Before attempting to rectify the errors above piecemeal, the Court asks that the parties consider the following:

      (A). In the Court's experience, the parties will often agree that the jury will be instructed only on the NYLL claims given that the NYLL is far more expansive and generous to claimants than the FLSA and there is no relief available under the FLSA that would not also be available under the NYLL. Have the parties considered this? The separate references to the FLSA and the NYLL in the proposed jury instructions and verdict sheet are often done in an incomplete fashion and are extremely confusing.

      (B). More fundamentally, the Court believes that the jury should not be required to calculate the regular hourly rate of pay and compare that hourly rate to the statutory minimum wage rate or to make any other numerical calculations of amounts owed. Instead, the Court suggests restructuring the proposed jury instructions and verdict sheet to ask the jury to make only the underlying factual determinations necessary to determine whether there has been a violation of law. The Court could then use those determinations to calculate whether there has been any liability and the extent of that liability.

      For instance, the jury could be given a chart asking it to determine for each year (1) the total of payments made to plaintiff per week; and (2) the number of hours plaintiff worked each week. If there were any change in the course of a calendar year as to either of these, the jury could be told either to compute the average payment and hours per week for that calendar year or to separate the calendar year into time periods.[1] The jury would then be asked to determine the

---

[1] The Chart could be in a format such as:

regular rate of pay for each calendar year by asking whether the defendant had over come the presumption that the weekly pay was intended to cover the first 40 hours..

      The parties are directed <u>to immediately contract each other</u> to address these issues through discussions among themselves.  The Court is hopeful the proposed jury instructions and verdict sheet may be restructured in accordance with paragraphs "(A)" and "(B)" above.  Regardless, the parties should file the new instructions and verdict sheet that cure these issues as soon as possible and no later than January 7, 2025.

      The Court will hold a telephonic conference to discuss the new instructions on <u>January 8, 2025, at 11:00 a.m.</u>  At that time, the parties should dial 646-453-4442 and use the phone conference ID 890 114 785#.

      SO ORDERED

Dated: January 3, 2025
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

| Time period | Average salary paid each week | Average hours worked each week |
|---|---|---|
| 2017 | | |
| 2018 | | |
| 2019 | | |
| etc. | | |