UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOSE LUIS BELLO PAULINO, *individually and on
behalf of others similarly situated,*

                              *Plaintiff,*

       -against-

S & P MINI MARKET CORP. (D/B/A S & P MINI
MARKET CORP.) and AMANTINO VEGA ROSARIO,

                              *Defendants.*
------------------------------------------------------------------X

22-cv-8724 (GWG)

**JOINT PRETRIAL ORDER**

       Pursuant to the Trial Order (Dkt. 53; *see also* Dkt. 76) and Rule 3.B of the Individual

Practices of Magistrate Judge Gabriel W. Gorenstein, Plaintiff Jose Luis Bello Paulino

("Plaintiff") and Defendant Amantino Vega Rosario ("Defendant")[1] (collectively, the "Parties")

respectfully submit the following Joint Pretrial Order:

1. **The full caption of the action.**

The Parties confirm that the caption above is correct and should appear on all trial documents.

2. **The names, addresses (including firm names), and telephone (including cellular
   phone if available) and email addresses of trial counsel.**

*Plaintiff's Trial Counsel*
Mark Marino, Esq.
CSM Legal, P.C.
One Grand Central Place
60 East 42nd Street, Suite 4510
New York, NY 10165
(tel) 212-317-1200
(fax) 212-317-1620
(cell) 646-715-4518
mark@csm-legal.com

---

[1] Defendant S & P Mini Market Corp. is in default. (*See* Dkt. 62.)

*Defendant's Trial Counsel*

Daniel A. Schnapp
Dentons US LLP
1221 Avenue of Americas
New York, New York 10020
Telephone: (212) 398-7630
Fax: (212) 768-6800
daniel.schnapp@dentons.com

Mary Kate Brennan
Dentons US LLP
1221 Avenue of Americas
New York, New York 10020
Telephone: (212) 768-6922
Fax: (212) 768-6800
marykate.brennan@dentons.com

3. **A brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant jurisdictional facts, such as citizenship and jurisdictional amount.**

Plaintiff brought this case pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (federal question).[2] Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

4. **A brief summary by each party of the claims and defenses that party has asserted that remain to be tried, without recital of evidentiary matter but including citations to all statutes relied on.**

*Plaintiff's Claims*

This is an action for money damages brought by Plaintiff, alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), violations of the N.Y. Lab. Law §§ 190, *et seq.* and 650, *et seq.* ("NYLL"), and the overtime wage order of the New York

---

[2] Plaintiff brought this action against Defendants Amantino Vega Rosario and S & P Mini Market Corp. Only Mr. Rosario is represented by counsel; S & P Mini Market Corp. is in default.

Commission of Labor, codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 142. Plaintiff asserts the following claims, all of which remain to be tried:

**A.** Violation of the Minimum Wage Provisions of the FLSA. Plaintiff alleges that Defendant was his employer and willfully failed to pay him the applicable minimum wage rate for all hours worked. 29 U.S.C. §§ 203, 206, 216, 255(a).

**B.** Violation of the Overtime Provisions of the FLSA. Plaintiff alleges that Defendant was his employer and willfully failed to pay him the applicable overtime wage rate for all hours above 40 worked in a week. 29 U.S.C. §§ 207, 216, 255(a).

**C.** Violation of the New York Minimum Wage Provisions. Plaintiff alleges that Defendant was his employer and willfully failed to pay him the applicable hourly minimum wage rate for all hours worked. NYLL §§ 2, 651, 652(1), 663.

**D.** Violation of the New York Overtime Provisions. Plaintiff alleges that Defendant was his employer and willfully failed to pay him the applicable overtime wage rate for all hours above 40 worked in a week. NYLL §§ 190, *et seq.*, 663; 12 NYCRR §142-2.2.

**E.** Violation of the Notice and Recordkeeping Requirements of the NYLL. Plaintiff alleges that Defendant failed to provide him with a written notice, in English and in Spanish (Plaintiff's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL § 195(1).

**F.** Violation of the Wage Statement Provisions of the NYLL. Plaintiff alleges that Defendant did not provide him with a statement of wages with each payment, as required by NYLL § 195(3).

*Defendant's Defenses*

Defendant asserts the following defenses against Plaintiff's claims:

- Plaintiff fails to state any claim upon which relief may be granted.

- Defendant did not breach any duty owed to Plaintiff.

- Plaintiff's claim is barred by the statute of limitations.

- The FLSA does not apply to Plaintiff's claims because Defendant S & P Mini Market Corp. (d/b/a S & P Mini Market Corp.) did not generate the sales volume required for coverage. *See* 29 U.S.C. § 203(s)(1)(A) (requiring annual gross sales or volume of business of at least $500,000).

Defendant reserves any and all rights to assert other defenses that may arise up and through trial.

5. **With respect to each claim remaining to be tried, a statement listing each element or category of damages sought with respect to such claim and, if appropriate, a calculation of the amount of damages sought with respect to such element or category.**

Plaintiff seeks the following damages:

A. Damages for Minimum Wage and Overtime Violations: $160,506.80

Damages are calculated by determining the pay Plaintiff would have received each week if he was paid at the appropriate regular and overtime wage for all hours worked, and then subtracting the amount Plaintiff was actually paid each week.

B. Liquidated Damages for Minimum Wage and Overtime Violations: $160,506.80

Damages are calculated by multiplying the weekly unpaid wages by 100%.

C. Pre-judgment Interest on Wages and Overtime: $89,362.43

D. Wage Notice Violations: $5,000

Damages are calculated by multiplying the number of workdays the violation persisted for by $50, up to a maximum of $5,000.00.

E.  Wage Statement Violations: $5,000

Damages are calculated by multiplying the number of workdays the violation persisted for by $250, up to a maximum of $5,000.00.

F.  Attorneys' Fees: To be determined after trial.

**6.  A statement by each party as to whether the case is to be tried with or without a jury, and the number of total trial days needed.**

*Plaintiff's Statement*

This case is to be tried by a jury, and the trial will take approximately three days.

*Defendant's Statement*

This case is to be tried by a jury, and the trial will take approximately two days.

**7.  Any stipulations or agreed statements of fact or law that have been agreed to by all parties.**

The Parties have not stipulated or agreed upon any statements of fact or law.

**8.  A statement by each party as to the witnesses whose testimony is to be offered in its case, indicating whether such witnesses will testify in person or by deposition. A party may not call as a witness an individual who is not listed in its portion of this statement.**

*Plaintiff's Statement*

Plaintiff Jose Luis Bello Paulino: testimony in person. Plaintiff will testify concerning the hours he worked for Defendants, the wages he was paid by Defendants, his job duties while employed by Defendants, and the gross income he observed Defendants earning during his employment. Plaintiff reserves the right to call records custodians, if necessary, to authenticate or otherwise lay the foundation for admission of any evidence identified for trial purposes. Plaintiff

reserves the right to call Defendant's witnesses in the event they do not choose to do so at trial. Plaintiff reserves the right to call additional witnesses to rebut Defendant's witnesses' testimony. Plaintiff will testify through a Spanish language interpreter.

Defendant Amantino Verga Rosario: testimony in person. Defendant will testify concerning the hours Plaintiff worked, the wages he paid Plaintiff, Plaintiff's job duties, and the gross income of Defendant S&P Mini Market Corp.

*Defendant*:

Defendant identifies the following trial witnesses:

- Defendant Amantino Verga Rosario (in-person; utilizing a Spanish interpreter).

- Plaintiff Jose Luis Bello Paulino (in-person; utilizing a Spanish interpreter).

Defendant reserves the right to call additional witnesses for impeachment purposes.

9. **A designation by each party of deposition testimony to be offered in its case, referencing page and line numbers, with any cross-designations and objections by any other party. If there is no objection or cross-designation, the Court will deem the opposing party to have waived any such objection or cross-designation. A party may not offer deposition testimony that is not listed in its portion of the designation.**

   The Parties do not plan to offer deposition testimony.

10. **A list by each party of exhibits to be offered in its case. Each exhibit shall be pre-marked (plaintiff to use numbers, defendant to use letters). For any exhibit as to which there is an objection, the party objecting must briefly specify, next to the listing for that exhibit, the nature of the party's objection (e.g., "authenticity," "hearsay," "Rule 403"). Any objection not listed shall be deemed waived. A party may not offer an exhibit that is not listed in its portion of the list.**

    *Plaintiff's Exhibits*

    Plaintiff reserves the right to offer additional exhibits for the purpose of impeachment.

6

| Exhibit | Description | Objections |
|---|---|---|
| P-1 | Defendants' Payroll Records (Pay Stubs) | |
| P-2 | Defendant Amantino Vega Rosario's 2021 Income Taxes | Foundation; relevance |
| P-3 | Defendant S&P Mini Market Corp.'s 2022 Income Tax Return | Foundation; relevance |
| P-4 | Defendants' Income Statement from 2Q 2023 | Foundation; relevance |
| P-5 | Defendants' Income Statement from June 30, 2023 | Foundation; relevance |
| P-6 | S&P Mini Market's US Tax Return for 2022 | Foundation; relevance |
| P-7 | S&P Mini Market's SBA Loan | Foundation; relevance |

*Defendant's Exhibits*

| Exhibit | Description | Objections |
|---|---|---|
| DX-1 | S&P Mini Market Corp.'s paystubs for Plaintiff from 2016-2022 | |
| DX-2 | S&P Mini Market Corp.'s NYS-45 Form for Plaintiff | |
| DX-3 | Text messages between Plaintiff and Defendant | Foundation; relevance |

Defendant reserves the right to offer additional exhibits for impeachment purposes.

8

This proposed order is adopted by the Court except that it is superseded by any order issued since its submission date (Dec. 30, 2024).  The Court notes that the FLSA claims will not be presented to the jury and will be dismissed following any jury verdict on the NYLL claims.  The wage notice and wage statement claims are dismissed for lack of subject matter jurisdiction.


  Dated: New York, New York
          January 14          , 202 5


                                              _____
                                              GABRIEL W. GORENSTEIN
                                              United States Magistrate Judge