UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JOSE LUIS BELLO PAULINO,                             :

                    Plaintiff,          :  ORDER

            -v.-                                 :
                                                     22 Civ. 8724  (GWG)
S & P MINI MARKET CORP. et al.,                      :

                    Defendants.        :
------------------------------------------------------------------x

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      As stated in the Order, dated July 10, 2024 (Docket # 62), S & P Mini Market Corp. remains a party in this case and is in default. Under that Order, any motion by plaintiff for a default judgment against S & P Mini Market Corp. is due within 7 days of the jury verdict — that is, January 23, 2025. If no motion is filed by that date, plaintiff will be deemed to have abandoned his claims against S & P Mini Market Corp.

      On a separate matter, before the jury verdict was delivered today, the parties informed the Court that they had reached a settlement as between plaintiff and defendant Rosario. The parties presented the terms of the purported settlement, which included that the purported settlement would supersede the jury verdict. The Court informed the parties that any settlement would have to be approved pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), on the ground that the case contained claims under the Fair Labor Standards Act ("FLSA").[1]

      After the statements about the purported settlement were made on the record, the Court understood from the parties that they would be making a Cheeks application to the Court, either orally or in writing. The Court made clear that, to grant approval under Cheeks, it would need to know how much plaintiff's counsel was going to be paid and how much was to be taken from the payment for Court costs. At that point, the undersigned left the Courtroom. About 15 minutes later, the jury sent a note announcing it had reached a verdict. The verdict was in favor of Rosario.

---

[1] Rosario had previously contended that the Court had dismissed the FLSA claims against Rosario and thus lacked subject matter jurisdiction to submit New York Labor Law ("NYLL") claims against Rosario to the jury. The Court disagreed and explained why the FLSA claims against Rosario were still in the case. It turns out this dispute is moot in light of the fact that, although the Court did not recall it at the time, FLSA claims are still pending against S & P Mini Market Corp.. Because the FLSA claims against S&P Mini Market Corp. are still pending, the Court has supplemental jurisdiction over state law claims against Rosario under 28 U.S.C. 1367(a) whether or not the FLSA claims against Rosario were dismissed as Rosario contends.

After the Court took the verdict and discharged the jury, Rosario asserted that he had not entered into a binding settlement. The Court said that it would be entering a judgment on the verdict and that plaintiff could raise the issue of settlement by moving to vacate the judgment.

The Court has since realized that no judgment will be entered in this case until the claims against S&P Mini Market Co. are adjudicated. The Court is thus issuing this Order to make clear that the Court leaves it to plaintiff to utilize whatever procedure he believes proper to raise the issue of settlement — whether it is a motion to enforce the purported settlement or some other vehicle. The Court takes no position at this time as to the proper procedure for raising this issue.

If the Court determines there was a settlement, the Court reminds plaintiff that settlement would still have to be approved under Cheeks. While the Court is not requiring plaintiff to do so, the Court would prefer as a matter of efficiency that any motion for approval under Cheeks be made at the time plaintiff makes any motion regarding the purported settlement.

SO ORDERED

Dated: January 16, 2025
       New York, New York

                                                   _____
                                                   GABRIEL W. GORENSTEIN
                                                   United States Magistrate Judge