UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JOSE LUIS BELLO PAULINO,                          :

                            Plaintiff,          :       <u>ORDER</u>

                  -v.-                              :
                                                                       22 Civ. 8724 (GWG)
S & P MINI MARKET CORP. et al.,                   :

                            Defendants.         :
---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge:**

      Before the Court is plaintiff Jose Luis Bello Paulino's motion for a default judgment as to defendant S & P Mini Market Corp. (Docket # 110). This Order addresses two issues relating to the briefing on that motion.

      (1) In support of this motion, Paulino submitted a declaration of his attorney, Mark Marino. (Docket # 110). It appears that only the first 18 pages of Marino's declaration were filed, however. More significantly, the declaration is unsigned and for this reason cannot be considered in its current form. No attorney's fees can be granted in the absence of a sworn declaration by either Marino or another attorney with knowledge of the facts addressed in the declaration.

      (2) Marino's declaration requests attorney's fees and costs. (Docket # 110 ¶ 68). However, the request, as expressed in the ledger filed at Docket # 110-6, does not disaggregate the attorney's fees and costs that were incurred as part of Paulino's claims against defendant S & P Mini Market Corp. from the attorney's fees and costs that were incurred as part of Paulino's claims against defendant Amantino Vega Rosario. The failure to disaggregate is especially significant because the jury trial in this matter was solely against Rosario, not S & P Mini Market Corp. No hours attributed to the trial should have been requested in the motion for a default judgment against S & P Mini Market Corp.

      An additional problem is that most of the remaining attorney's fees and costs were incurred as part of Paulino's prosecution of his claims against <u>both</u> Rosario and S & P Mini Market Corp. But it is unclear why Paulino should be entitled to recover the full amount of these fees from defendant S & P Mini Market Corp. and the application for attorney's fees does not explain the basis for doing so. Nor does it give a basis for apportioning some portion of the fees and costs to S & P Mini Market Corp.

      If Paulino wishes to seek an award of attorney's fees and costs against S & P Mini Market Corp., he shall, on or before June 18, 2025, make filings that correct the errors noted in this Order. If filings are not made by June 18, 2025, that correct these errors, the plaintiff will be

deemed to have waived any request for attorney's fees and costs against S & P Mini Market Corp. and the Court will proceed to adjudicate the motion for a default judgment insofar as it seeks any other form of relief.

  SO ORDERED.

Dated: June 10, 2025

   New York, New York

_____<br>
GABRIEL W. GORENSTEIN<br>
United States Magistrate Judge